**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs, | No. CV-22-00471-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Robert DiCarlo, | |
| Defendant. | |

Before the Court are Plaintiff's Motion to Seal Exhibit (Doc. 9) and Motion for Alternative Service and Request for Urgent Injunction (Doc. 11).

**I.**

In his Motion to Seal, Plaintiff requests that this Court file the Exhibit lodged as docket number 10 under seal. The procedure for filing a document under seal is addressed in Local Rule of Civil Procedure ("LRCiv") 5.6(a)–(d). If this procedure is carried out correctly, a court may decide to seal a document. LRCiv 5.6(a). Filing documents under seal is generally disfavored because the Ninth Circuit has recognized a strong presumption favoring public access to court filings. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995). "The common law right of access, however, is not absolute and can be overridden" if the party seeking to file under seal "give[s] sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "That is, the party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access

and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (cleaned up).

Plaintiff's only argument to file his proposed exhibit under seal is that his request satisfies Arizona Rule of Civil Procedure 5.4(C)(2). (Doc. 9.) That is not the governing standard for actions filed in this Court. Whether his reasons for filing under seal satisfy the requirements of a state-court civil rule is not determinative in federal court. Plaintiff did not provide any reasons for why this exhibit should be filed under seal. Accordingly, the Court will deny the Motion to Seal.

## II.

In his Motion for Alternative Service, Plaintiff says that he has attempted and failed multiple times to serve Defendant DiCarlo. He asks that the Court permit him to serve the Defendant through certified or registered U.S. mail. On review of the docket, however, it appears that Plaintiff has served Defendant DiCarlo. *See* Affidavit of Service (Doc. 7.) Federal Rule of Civil Procedure 4(e)(2)(A) states that: "an individual . . . may be served in a judicial district of the United States by: . . . leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . ." According to the Affidavit of Service, on April 19, 2022, the Summons and Complaint were left at DiCarlo's dwelling or usual place of abode within the control of DiCarlo's co-resident who was, according to the Affidavit of Service, of suitable age and discretion. (Doc. 7; *see also* Doc. 8.) Thus, the Motion for Alternative Service will be denied because Plaintiff has not explained why alternative service is necessary given that it appears service has been made.

## III.

In his request for injunctive relief, Plaintiff asks this Court to enter a preliminary injunction reversing a family court minute entry that gave sole custody of his minor daughter to her mother, Maryna, and left him with only supervised visitation rights.

1 (Doc. 11 at 4.)

2 "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). For a court to issue a preliminary injunction, a plaintiff "'must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). In the Ninth Circuit, even "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied." *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

The Motion only attempts to establish irreparable harm: "Plaintiff through the following allegations is going to establish that irreparable harm might result if Plaintiff does not get the injunction." (Doc. 11 at 4.) Thus, the Motion does not establish a likelihood of success on the merits, that the balance of equities tips in his favor, and that an injunction is in the public interest. And so, the Court must deny the Plaintiff's request for injunctive relief.

…

…

…

…

…

…

…

…

…

IV.

Accordingly,

**IT IS ORDERED**:

1. **Denying** the Plaintiff's Motion to Seal Exhibit (Doc. 9). Pursuant to LRCiv 5.6(e), Plaintiff's proposed exhibit (lodged at Doc. 10) will not be filed.

2. **Denying** without prejudice the Plaintiff's Motion for Alternative Service (Doc. 11). For the reasons stated herein, Plaintiff may not serve Defendant DiCarlo by alternative means.

3. **Denying** without prejudice the Plaintiff's Request for Urgent Injunction (Doc. 11).

Dated this 1st day of June, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge