**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs,<br><br>    Plaintiff,<br><br>v.<br><br>Robert DiCarlo,<br><br>    Defendant. | No. CV-22-00471-PHX-MTL<br><br>**ORDER** |

    The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Although "a plaintiff's assertion of an invalid federal cause of action does not always implicate the existence of subject-matter jurisdiction," dismissal for lack of subject-matter jurisdiction based on "the inadequacy of the federal claim" is proper "when the [federal] claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Robinson v. Aetna Life Ins. Co.*, 2021 WL 2138778, *4 (D. Ariz. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). For the reasons stated below, the Complaint is dismissed for lack of subject-matter jurisdiction.

    Plaintiff Kenneth Sachs appears to be distraught about a family court action that occurred in Maricopa County Superior Court and has filed nine complaints—including this

one—against individuals who were somehow involved in that family court decision.

Here, Plaintiff alleges that Robert DiCarlo, who appears to be an Arizona citizen, was "appointed by the Superior Court of Arizona, Maricopa County, to provide therapy for the minor" in the family court action. (Doc. 1 ¶¶ 2, 5.) The Complaint asserts five causes of action against Mr. DiCarlo. (*Id*. ¶¶ 10–40.) They are: (1) perjury under A.R.S. § 13-2702; (2) medical malpractice under A.R.S. § 13-561; (3) gross negligence; (4) violation of constitutional right under A.R.S. § 1-602 and the Fourteenth Amendment; and (5) child endangerment under A.R.S. § 13-1201. (*Id.* ¶¶ 10–33.)

The Court lacks subject-matter jurisdiction over this action. First, the Complaint alleges that "[t]his Court has jurisdiction over this action under 28 U.S. Code § 1343 (civil rights)." (*Id.* ¶ 3.) Although the Complaint does not identify the specific subsection of § 1343 that Plaintiff believes would be applicable here, the relevant factual allegations suggest that § 1343(a)(3)—which vests district courts with "original jurisdiction of any civil action . . . [t]o redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States"—would be most applicable.[*] This is because the Complaint alleges that Mr. DiCarlo violated Plaintiff's "Fourteenth Amendment rights under the United States Constitution" because "Defendant interfered with Plaintiff's familial right of association by falsifying Plaintiff's evaluation, leading to its use by the honorable judge to reduce Plaintiff's parenting time to supervised visitation only." (Doc. 1 ¶¶ 27, 29.)

"It is not sufficient to obtain jurisdiction under § 1343(3) merely to assert a constitutional claim." *Doe v. Klein*, 599 F.2d 338, 340 (9th Cir. 1979). Federal jurisdiction requires that a party assert a substantial federal claim. *See Hagans v. Lavine*, 415 U.S. 528, 536 (1974); *see also Robinson*, 2021 WL 2138778 at *4. "The doctrine of substantiality is

---

[*] Subsections (a)(1) and (a)(2) of § 1343 involve conspiracies under 42 U.S.C. § 1985, but there are no conspiracy causes of action alleged in the Complaint. Subsection (a)(4) involves "relief under any Act of Congress for the protection of civil rights, including the right to vote."

especially important where a wholly frivolous federal claim serves as a pretext to allow a state law issue, the real focus of the claim, to be litigated in the federal system." *Davis v. Pak*, 856 F.2d 648, 650–51 (4th Cir. 1988).

Here, Plaintiff asserts an insubstantial federal claim because Mr. DiCarlo is a court-appointed therapist and is therefore "immune from suit under doctrines of judicial immunity." *Heffley v. Steele*, 826 F. App'x 227, 231 (3d Cir. 2020); *see also Hughes v. Long*, 242 F.3d 121, 126-28 (3d Cir. 2001) (holding that custody evaluators in family court cases are entitled to judicial immunity where plaintiff brought Section 1983 claim; discussing the judicial immunity of court-appointed counselors and therapists).

As for the remainder of the Complaint—which alleges state law claims—there is no diversity jurisdiction. Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiffs and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Here, Plaintiff lists his address "in Maricopa County, Arizona" and alleges that Mr. DiCarlo is an Arizona court-appointed therapist whose business address is in Phoenix, Arizona. There is no complete diversity.

Accordingly,

**IT IS ORDERED** that the Complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the Motion for Alternative Service (Doc. 16) is denied as moot.

**IT IS FINALLY ORDERED** that the Clerk shall enter judgment accordingly.

. . .

. . .

. . .

. . .

1     Dated this 11th day of August, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

- 4 -